# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Allen Wasyl,<br><br>        Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio,<br><br>        Defendant. | No. CV 06-425 PHX SRB (JM)<br><br>**REPORT AND RECOMMENDATION** |

    In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, dismiss the Complaint [Docket No. 1] with prejudice due to the Plaintiff's failure to exhaust his administrative remedies, failure to provide a change of address, and failure to prosecute this action.

    Plaintiff filed *pro se* the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on February 9, 2006, complaining about the conditions at the Estrella Jail in Phoenix, Arizona. On May 22, 2006, Defendant filed a Motion to Dismiss [Docket No. 7] alleging that Plaintiff had failed to exhaust his administrative remedies. On May 23, 2006, the Magistrate Judge issued a Warning to Plaintiff [Docket No. 8] that Defendant was seeking to have his case dismissed and ordering that he respond to the Defendant's motion by June 22, 2006. The Warning to Plaintiff was returned as undeliverable and, as of the date of this report, Plaintiff has not responded to Defendant's Motion to Dismiss.

On February 21, 2005, Judge Bolton issued an order warning Plaintiff that the failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As reflected in the docket, mail sent to Plaintiff from the Clerk's office was returned as undeliverable and no forwarding address is available. As Plaintiff has failed to inform the Court of his current whereabouts, he has failed to pursue the prosecution of his case and he is in violation of Judge Bolton's order. Moreover, without a current address, there is little the Court can do to attempt to remedy this situation.

Plaintiff was also warned of the possibility of dismissal in the Magistrate Judge's order. Plaintiff has failed to comply with that order because he has not responded to Defendant's Motion to Dismiss. Dismissal of this action with prejudice is appropriate based on Plaintiff's failure to provide a current address and his failure to respond to the motion and pursue the prosecution of this case. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 855, 858-59 (9th Cir. 2001) (dismissal for failure to prosecute acts as an adjudication on the merits).

Plaintiff's failure to respond also subjects him to the provisions of Local Rule Civil 7.2(i), which in pertinent part provides that:

> if the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv. 7.2(i). Because Plaintiff has failed to respond to the Motion to Dismiss, and due to the apparent merit of the Motion, the Magistrate Judge recommends that the Motion be granted. The Motion establishes that Plaintiff did not pursue the available administrative remedies in relation to Counts II and III of his Complaint.[1] As such, the Magistrate Judge

---

[1] Count I of the Complaint was dismissed pursuant to Judge Bolton's order dated February 21, 2006 [Docket No. 3].

1 recommends that the Complaint be dismissed pursuant to Local Rule Civil 7.2(i) and 42
2 U.S.C. § 1997e(a) (requiring exhaustion of administrative remedies).

**Recommendation**

Based on the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, issue an Order **dismissing** this matter with prejudice.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 06-425-PHX-SRB**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 30th day of June, 2006.

_____
Jacqueline Marshall
United States Magistrate Judge

3